UNITED STATES DISTRICT COURT  b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CLIFTON GRANT, JR., et al.  CIVIL ACTION NO. 1:16-CV-00089

VERSUS  JUDGE DRELL

UNITED STATES OF AMERICA  MAGISTRATE JUDGE PEREZ-MONTES

REPORT AND RECOMMENDATION

I. Background

Before the Court is a complaint filed on January 20, 2016 pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.*, ("FTCA"), with a supplemental state law claim for medical malpractice, by Plaintiffs Clifton Grant, Jr. ("Grant"), Beverley Ann Levy Grant, Markita Grant, Sharrell Ne'Cole Grant, Clifton Grant III, Je'Nee Iberia Grant, Rondrick Lavon Grant, and Ken Grant. The named Defendants are the United States of America, Dr. Fernando C. Kiok, who was employed at the Veteran's Administration Hospital ("VAH"), and Dr. Brinkman. Plaintiffs seek monetary damages, costs, and interest.

Plaintiffs allege claims of medical malpractice against Defendants. Plaintiffs contend that, on March 8, 2013, Dr. Kiok surgically repaired Clifton Grant's hernia; he was released the same day. Grant alleges that, as a consequence of that surgery, he sustained permanent injuries, including a perforated or otherwise damaged bowel. Grant required emergency medical treatment the next day, on March 9, 2013, at Dauterive Hospital, where he was again given allegedly substandard medical care by Dr. Brinkman and discharged. A few hours later, Grant was admitted to the

Lafayette General Medical Center where he underwent remedial surgical repair of his abdomen for necrotizing fasciitis secondary to small bowel perforation and associated peritonitis; has had lengthy hospitalizations; and is facing additional future abdominal surgeries.

Defendants answered the complaint and demanded a jury trial (Docs. 10, 11). Dr. Kiok filed an unopposed motion to dismiss that was granted (Doc. 30).

The United States then filed a motion to dismiss the claims for loss of consortium pursuant to the FTCA filed by Beverley Ann Levy Grant, Markita Grant, Sharrell Ne'Cole Grant, Clifton Grant III, Je'Nee Iberia Grant, Rondrick Lavon Grant, and Ken Grant, contending those claims were barred because they had failed to exhaust their administrative remedies (Doc. 26). Plaintiffs concede their loss of consortium claims should be dismissed for lack of exhaustion (Doc. 29).

II.   Law and Analysis

   A.   Standards governing the Motion to Dismiss generally.

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. See Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231 (1994); Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1102 (D.C.Cir. 1985). For the purposes of a motion to dismiss

for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. See Doe, 753 F.2d at 1101. It is presumed that general allegations embrace the specific facts that are necessary to support the claim. See National Organization for Women, Inc. v. Scheidler, 510 U.S. 249 (1994) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)).

  **B.**  **Plaintiffs' loss of consortium claims should be dismissed for lack of exhaustion.**

The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. See 28 U.S.C. § 2675(a); McNeil v. U.S., 508 U.S. 106, 113 (1993) ("Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit"). Plaintiffs concede they did not exhaust their administrative remedies as to their loss of consortium claims, and do not oppose the United States's motion to dismiss their FTCA claims for loss of consortium. Therefore, the United States's motion to dismiss (Doc. 26) should be granted.

## III.  Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the United States' motion to dismiss (Doc. 26) be GRANTED and that the loss of consortium claims filed by Beverley Ann Levy Grant, Markita Grant, Sharrell Ne'Cole Grant, Clifton Grant III, Je'Nee Iberia Grant, Rondrick Lavon Grant, and Ken Grant be DISMISSED WITH PREJUDICE for lack of exhaustion.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana on this 16th day of September 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

4